FILED
JAN 27 2020
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SHEILA DENISE KENDRICKS, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CASE NO. W19CA518 |
| | § | |
| METHODIST CHILDREN'S HOME, | § | |
| JULIE SPIECH, JUDY BROADWAY | § | |
| AND MOE DOZIER, | § | |
| | § | |
| DEFENDANTS. | § | |

**PLAINTIFF'S MOTION FOR NO-EVIDENCE SUMMARY JUDGMENT ON DEFENDANT METHODIST CHILDRN'S HOME'S AFFIRMATIVE DEFENSES PER TEXAS RULE OF CIVIL PROCEDURE 166a(i)**

TO THE HONORABLE JUDGE ALAN A. FULBRIGHT:

NOW COMES Sheila Denise Kendricks, Plaintiff pro se, and requests a No-Evidence Summary Judgment on the Methodist Children's Home's (MCH) Affirmative Defenses per Texas Rule of Civil Procedure 166a(i). Defendant Methodist Children's Home has pled Affirmative Defenses in its Original Answer to this Complaint. Plaintiff humbly moves for a No-Evidence Summary Judgment on MCH's affirmative defenses.

## I. INTRODUCTION

A No-Evidence Summary Judgement is appropriate when the Defendant cannot bring forth any sufficient and substantiating evidence for affirmative defenses as in this case. The Defendant has only provided generic defenses, non-specific defenses, no specific claim to any alleged violation, and no material facts in Original Answer.

1

Likewise, no dates; times; details of work-related activities; descriptions of adverse work conditions caused; and other allegations against Plaintiff have not been provided because no misconduct occurred. Also, the "good faith efforts" and such, of MCH, are not explained with specific details because none occurred. In fact, Plaintiff believes that Ms. Broadway and Mr. Dozier created a pretext for the illegal acts committed against her; and Plaintiff is also confident that after the frivolous affirmative defenses are dismissed, she can move forward and meet the burden of proof required for a favorable Summary Judgment on her claims.

Therefore, since the Defendant has shown no indication of being able to prove the affirmative defenses or defend the illegal acts of its employees, it would be an improper use of the justice system to waste time and other resources for this matter to go to trial.

Now, Plaintiff humbly seeks summary judgment on the following affirmative defenses:

1) Lack of damages or failure to mitigate damages;
2) Failure to exhaust administrative remedies;
3) Claims beyond scope of Texas Commission on Human Rights (TCHR) or Equal Employment Opportunity Commission (EEOC);
4) Claims untimely submitted to TCHR or EEOC;
5) Claims barred by applicable statute of limitations;
6) Remedies limited by the doctrine of after-acquired evidence;
7) MCH's good faith efforts;
8) MCH's legitimate factors;
9) Exclusive remedies under other statutes for non-pecuniary injuries;
10) Claims barred by equitable defenses of laches, waiver, ratification and estoppel;
11) Permissive motivating factors for the action that would have been taken by MCH;

12) Award that would violate limitations on damages recovery and requirements for such recovery of damages;

13) Claims limited to the time period limitations and dollar limitations;

14) MCH and other Defendants' acts in good faith and on reasonable grounds;

15) Violations of due process and equal protection clauses;

16) Violations of infringements of due process and equal protection clauses;

17) Violations of imposition of punitive damages;

18) Deprivation of property without due process of law;

19) Statutes of fraud;

20) No intentional discrimination, retaliation, or other violation;

21) MCH's actions that were proper and not a violation of Plaintiff's rights;

22) Failure to provide MCH a reasonable opportunity to remedy problems while employed;

23) Reasonable care exercised by MCH and preventive or corrective opportunities MCH provided;

24) Claims for punitive damages and/or subsequent award violates Amendments to the Constitution of the United States of America; and

25) Claims for punitive damages and/or subsequent award violates Constitution of the State of Texas.

## II. ARGUMENTS

Although ample time has passed since the Original Answer was filed (60 days plus), Plaintiff and Defense Attorney, Mr. John T. Hawkins (hereinafter Mr. Hawkins) have not agreed to meet at a neutral location for the Discovery Conference. Mr. Hawkins informed Plaintiff of his intent to send her a "Joint Proposed Scheduling And Discovery Plan" (Exhibit A-1).

So, Plaintiff reminded Mr. Hawkins that a neutral location for a Discovery conference had not been provided and she was not asking for any "legal advice or services" (Exhibit A-1). Mr. Hawkins proceeded to prepare and send a legal document stating, "the parties have discussed" and "the parties have conferred" leading Plaintiff to believe that a Discovery conference was not going to occur (Exhibit A-2).

Again, no evidence exists for the affirmative defenses below that should be dismissed, so that the justice process can continue to flow, and this dispute can be properly resolved in a Summary Judgement on Plaintiff's claims.

**1. Lack of damages or failure to mitigate damages.**

MCH is unable to produce any evidence that Plaintiff has not suffered damages or has not made reasonable efforts to secure similar employment.

**2. Failure to exhaust administrative remedies.**

MCH is unable to produce any evidence that Plaintiff failed to exhaust administrative remedies.

**3. Claims beyond scope of Texas Commission on Human Rights (TCHR) or Equal Employment Opportunity Commission (EEOC).**

MCH is unable to prove any claims beyond the scope of TCHR or EEOC.

**4. Claims untimely submitted to TCHR or EEOC.**

MCH is unable to prove any untimely claim submitted to TCHR or EEOC.

**5. Claims barred by applicable statute of limitations.**

MCH is unable to prove any claim barred by applicable statute of limitations.

**6. Remedies limited by the doctrine of after-acquired evidence.**

MCH is unable to provide any remedies limited by the doctrine of after-acquired evidence.

**7. MCH's good faith efforts.**

MCH is unable to prove good faith efforts to comply with Title VII, ADA, ADEA, TCHRA.

**8. MCH's legitimate factors.**

MCH is unable to prove any legitimate factors that its conduct was based on with respect to the Plaintiff.

**9. Exclusive remedies under other statutes for non-pecuniary injuries.**

MCH is unable to prove that Plaintiff does not have non-pecuniary injuries and such claims are barred because the exclusive remedy is under other statues.

**10. Claims barred by equitable defenses of laches, waiver, ratification and estoppel.**

MCH is unable to prove any claims barred by equitable defenses of laches, waiver, ratification and estoppel.

**11. Permissive motivating factors for the action that would have been taken by MCH.**

MCH is unable to prove that Defendants would have taken the same action in the absence of any impermissible motivating factors.

**12. Award that would violate limitations on damages recovery and requirements.**

MCH is unable to prove any damages, claims or subsequent award would violate the limitations on damages recovery and or requirements for such damages under Title VII, ADA, ADEA, TCHRA.

**13. Claims limited to the time period limitations and dollar limitations.**

MCH is unable to prove any time period limitations and dollar limitations set forth in Title VII, ADA, ADEA, TCHRA and any other applicable law.

**14. MCH and other Defendants acts in good faith and on reasonable grounds.**

MCH is unable to prove Defendants acted in good faith and had reasonable grounds for believing its actions were not a violation of such laws.

**15. Violations of due process and equal protection clauses.**

MCH is unable to prove any violations of due process and equal protections clauses under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States of America.

**16. Violations of infringements of due process and equal protection clauses.**

MCH is unable to prove any violations of infringements of due process and equal protection clause under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States of America.

**17. Violations of imposition of punitive damages.**

MCH is unable to prove any imposition of punitive damages under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States of America.

**18. Deprivation of property without due process of law.**

MCH is unable to prove any deprivation of property without due process of law.

**19. Statutes of fraud.**

MCH is unable to prove any statutes of fraud.

**20. No intentional discrimination, retaliation, or other violation.**

MCH is unable to prove no intentional discrimination, retaliation or other violation under applicable laws.

**21. MCH's actions that were proper.**

MCH is unable to prove its actions were proper and not a violation of Plaintiff's

6

protected rights.

**22. Failure to provide MCH a reasonable opportunity to remedy problems while employed.**

MCH is unable to prove Plaintiff failed to provide Defendant a reasonable

opportunity to remedy problems while employed.

**23. Reasonable care exercised by MCH and preventive or corrective opportunities MCH provided.**

MCH is unable to prove it exercised reasonable care or provided preventive or

corrective opportunities.

**24. Claims for punitive damages and/or subsequent award violates Amendment to the Constitution of the United States of America.**

MCH is unable to prove any claim for punitive damages and/or subsequent award

against any Defendants in this Complaint violates and is therefore barred by the Fourth, Fifth,

Sixth, and Fourteen Amendments to the Constitution of the United States of America in any

way possible.

**25. Claims for punitive damages and/or subsequent award violates Constitution of the State of Texas.**

MCH is unable to prove any claim for punitive damages and/or subsequent award

violates and is barred by any provision or grounds of the Constitution of the State of Texas in

any way possible.

Lastly, MCH made the following claims that were asserted in Answer, Twenty-Second

Defense, III.E., not pled in Complaint, and cannot be proven. (1) The first assertion is a mention

of an Average performance evaluation (s). Any Average performance evaluation that MCH can

produce dated after Plaintiff opposed illegal actions cannot be substantiated with supporting

documentation. (2) MCH cannot show any admissible evidence to support disputes regarding

7

Plaintiff's Facebook Account. (3) MCH cannot substantiate its claim that an insurance company made a mistake regarding Plaintiff's disability payments.

## III. CONCLUSION AND PRAYER

The Methodist Children's Home is a religious and charitable organization that has a rich and great history and is not owned by any person that has used this incredible organization as a vehicle for their egregious and illegal acts. Plaintiff laments each time she must use the name of this organization in a way contrary to the purpose in which it is organized for. The Methodist Children's Home is also a Christian ministry that Plaintiff is convicted by her Christian faith to seek change for, as harm as not only been done to her, but others too, including precious youth.

WHEREFORE Sheila Denise Kendricks, Plaintiff pro se, respectfully asks and humbly prays the Honorable Judge Alan A. Fulbright would grant this motion and enter an order on summary judgment.

Date: 1-27-20

_____
Sheila Denise Kendricks, Plaintiff pro se
936 Parkview Circle, Hewitt, TX 76643
(254) 495-5687
sheila_kendricks@yahoo.com

### Certificate of Service

I certify that on January 27, 2020 I sent a true and correct copy of the foregoing to counsel for Defendant, John T. Hawkins, 400 Austin Ave., Ste 800, Waco, TX 76701 and via email to Hawkins@namanhowell.com.

Date: 1-27-20

_____
Sheila Denise Kendricks, Plaintiff pro se
936 Parkview Circle, Hewitt, TX 76643
(254) 495-5687
sheila_kendricks@yahoo.com