**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **SHEILA DENISE KENDRICKS,** §<br>*Plaintiff,* §<br>§<br>*v*. §<br>§<br>**METHODIST CHILDREN'S HOME,** §<br>*Defendant.* §<br>§ | **CIVIL NO. 6:19-CV-00518-ADA**<br><br>**JURY TRIAL DEMANDED** |

**ORDER GRANTING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT AND
DENYING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT**

Before the Court is Defendant Methodist Children's Home's Motion for Summary Judgment (ECF No. 31), Defendant's Motion for Partial Summary Judgment, (ECF No. 21), Defendant's Supplemental Motion for Partial Summary Judgment (ECF No. 32), and Plaintiff Sheila Denise Kendrick's Motions for Summary Judgment (ECF Nos. 18, 23). After having reviewed the parties' motions, case file, and applicable law, the Court has determined that Defendant's Motions should be **GRANTED**, and Plaintiff's Motions should be **DENIED** for the following reasons.

## I.   BACKGROUND

This is a labor and employment dispute involving Methodist Children's Home and a former employee. Compl., ECF No. 1. Sheila Kendricks was employed by Methodist from 2007 until her termination on July 27, 2018. Compl., ECF No. 1. Kendricks is an African American female and was forty-seven years old at the time of the relevant facts of this case. *Id.* On May 21, 2018, Kendricks underwent surgery that prevented her from working for a period of time. Over the course of the final two months of her employment, Kendricks qualified for and received unpaid leave under the Family and Medical Leave Act (FMLA). Def.'s Mot. Summ. J. at 5, ECF 31. During the

final months of Kendricks's employment, she applied for and was denied two separate opportunities for promotion, which were instead given to two Caucasian candidates under the age of forty. ECF No. 47. Kendricks also alleges that, after witnessing a possibly racially discriminatory hiring practice against a coworker by Methodist, she filed a formal grievance through Methodist's formal complaint filing system. *Id.*

Kendricks, proceeding *pro se*, appears to state the following claims: (1) that the denial of the promotions she applied for were the result of discrimination based on race, age, or disability in violation of Title VII of Civil Rights Act of 1964, the Age Discrimination in Employment Act (ADEA), and the Americans with Disabilities Act (ADA); (2) that her termination was a form of retaliation for filing a grievance regarding a discriminatory hiring or promotion practice; (3) that her termination while on leave violated and interfered with her rights under FMLA; (4) that these actions are also violations of Chapter 21 of the Texas Labor Laws; (5) that she suffered from unequal terms and conditions of employment; and (6) that Methodist's actions constitute a panoply of torts giving rise to punitive damages. Statement of Claims, ECF No. 28.

Methodist contends that the denial of promotions to Kendricks were not the result of discrimination or retaliation and that the Methodist based its decisions on the prevailing candidates' superior qualifications. Def.'s Mot. Summ. J. at 2, ECF No. 31. Methodist further contends that it terminated Kendricks because of repeated improper conduct rather than for discriminatory or retaliatory purposes. *Id.* at 3–5. Additionally, Methodist contends that it terminated Kendricks's FMLA leave because of her for-cause termination rather than any discriminatory purpose. *Id.* at 5.

## II.     LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Tolan v. Cotton*, 572 U.S. 650, 655–56 (2014). A material fact is one that is likely to reasonably affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is not genuine if the trier of fact could not, after an examination of the record, rationally find for the non-moving party. *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). As such, the burden of demonstrating that no genuine dispute of material fact exists lies with the party moving for summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once presented, a court must view the movant's evidence and all factual inferences from such evidence in a light most favorable to the party opposing summary judgment. *Impossible Elecs. Techniques v. Wackenhut Protective Sys., Inc.*, 669 F.2d 1026, 1031 (5th Cir. 1982). Accordingly, the simple fact that the court believes that the non-moving party will be unsuccessful at trial is an insufficient reason to grant summary judgment in favor of the moving party. *Jones v. Geophysical Co.*, 669 F.2d 280, 283 (5th Cir. 1982). However, "[w]hen opposing parties tell two different stories, but one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for the purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380–81 (2007).

Once the court determines that the movant has presented sufficient evidence that no genuine dispute of material fact exists, the burden of production shifts to the party opposing summary judgment. *Matsushita*, 475 U.S. at 586. The non-moving party must demonstrate a genuinely disputed fact by citing to parts of materials in the record, such as affidavits, declarations,

stipulations, admissions, interrogatory answers, or other materials; or by showing that the materials cited by the movant do not establish the absence of a genuine dispute. Fed. R. Civ. P. 56(C)(1)(A)–(B). "Conclusory allegations unsupported by concrete and particular facts will not prevent an award of summary judgment." *Duffy v. Leading Edge Prods.*, 44 F.3d 308, 312 (5th Cir. 1995). Moreover, unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted. *See* Fed. R. Civ. P. 56; *Matsushita*, 475 U.S. at 586.

### III.   ANALYSIS

As a practical matter, it is of some concern that both parties in this case—one proceeding *pro se* and the other having retained counsel—each submitted at least two motions for summary judgment or partial summary judgment prior to the start of discovery and before either can effectively demonstrate that the essential facts are undisputed. Rule 11 states that counsel's signature on a motion is a certificate that, to the best of one's "knowledge, information, and belief," formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a nonfrivolous argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose. Fed. R. Civ. P. 11(b).

A motion for summary judgment under Rule 56 is timely filed when the pleadings clearly present no issues of material fact. If counsel knows that some material fact in the case is in dispute, the certificate is not proper even if counsel believes that the evidence weighs heavily toward a favorable finding. Further, the determination of whether any genuine factual issues that can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party—

the determination to be made on a motion for summary judgment—is significantly hindered without a complete evidentiary record, as is the case here.

**A.      Methodist's Motion for Summary Judgment**

Methodist's Motion for Summary Judgment asserts that it has demonstrated that no genuine issue of any material fact exists in the present case. *See* Def.'s Mot. Summ. J. at 2, ECF No. 31. Viewed in light of the pleadings and motions proffered, Methodist has carried its summary judgment burden.

> **i.      There is no genuine issue of material fact regarding Kendricks's claims of discrimination based on race or age.**

Discrimination may be proved with direct evidence or circumstantial evidence. "If the plaintiff produces direct evidence that discriminatory animus played a role in the employer's adverse employment decision, the burden of persuasion shifts to the defendant who must prove that it would have taken the same action despite any discriminatory animus." *Nall v. BNSF Ry. Co.*, 917 F.3d 335, 340 (5th Cir. 2019). In the absence of direct evidence, a plaintiff may prove discrimination through the traditional *McDonnell Douglas* burden-shifting framework as outlined below. *Id.*; *see generally McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

Under the traditional *McDonnell Douglas* burden-shifting framework, the plaintiff must first establish a prima facie case of discrimination; that is, the plaintiff must show that: (1) the plaintiff is a member of a protected class; (2) the plaintiff was qualified for the position that the plaintiff applied to; (3) the plaintiff was subject to an adverse employment action; and (4) the position was filled by someone outside the protected class. *See McDonnell Douglas*, 411 U.S. at 802; *Bodenheimer v. PPG Indus.*, 5 F.3d 955 (5th Cir. 1993) (applying the same framework to age discrimination claims). If the plaintiff establishes the prima facie case, the burden then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the adverse action.

*McDonnell Douglas*, 411 U.S. at 802. If the employer provides such a reason, the burden then shifts back to the employee to show substantial evidence that the proffered reason given by the employer is merely pretext for discrimination. *Delaval v. PTech Drilling Tubulars, L.L.C.*, 824 F.3d 476, 480 (5th Cir. 2016).

The Court begins with whether Kendricks has established a prima facie case. Importantly, the prima facie case under *McDonnell Douglas* functions as an evidentiary standard, not a pleading requirement. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002). Thus, while Kendricks need not submit evidence to establish a prima facie case at this stage, she must plead sufficient facts on all of the ultimate elements of her discrimination claim to make her case plausible. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016). While Kendricks's claims are somewhat difficult to discern, she has pled sufficient facts on all the ultimate elements to satisfy the prima facie standard.

First, she alleges that she is an African American and was over forty years of age at the time she applied to the two positions; Methodist has even conceded these facts., Def's Mot. Summ. J. at 7, ECF No. 31. Second, Kendricks plausibly alleges that she was qualified for the positions applied for with allegations that she received her professional license in 1997, had over ten years of experience at Methodist's place of work utilizing the license, and received interviews for each of the positions. *See* Compl., Ex. A at 12, ECF No. 1. Third, Kendrics plausibly alleges that she was subject to adverse employment actions when Methodist passed over her for both positions. *See id.* at 12, 15. Fourth, Kendricks plausibly alleges that Methodist filled the positions with persons outside of her protected classes, stating both promoted individuals are Caucasian and providing their exact ages at the time of their promotions. *See id.* at 12, 15. These allegations, taken as true, sufficiently establish a prima facie case of discrimination based on her race, age, or both.

6

With the burden passed to Methodist, Methodist contends that these adverse employment actions were merely decisions based upon the relative qualifications of the promoted individuals when compared to Kendricks's qualifications rather than for any discriminatory reason. Def.'s Mot. Summ. J. at 9, ECF No. 31. Methodist also states that Kendricks's subsequent termination resulted from intentional, repeated refusal to follow her supervisor's instructions while on leave. *Id.* at 3–5. Methodist has provided various documents and affidavits as evidence to support its stated reasons, including statements by hiring managers about why others received the positions and emails demonstrating prior warnings and instructions to Kendricks that she ignored. *Id.* at Exs. A, B, C, and D. Methodist has provided legitimate, nondiscriminatory reasons for the adverse actions, so the burden shifts back to Kendricks to provide substantial evidence that Methodist's reasons are pretext. *Delaval*, 824 F.3d at 480.

A plaintiff establishes an explanation as pretext through either evidence of disparate treatment or by showing that a court should not give the explanation credence or should find the explanation false. *Id.* Importantly, an employer does not have to make correct decisions, only non-discriminatory ones. *Bryant v. Compass Grp. USA Inc.*, 413 F.3d 471, 478 (5th Cir. 2005). Further, a plaintiff's subjective belief alone that discrimination occurred cannot serve as the substantial evidence needed to demonstrate pretext and survive summary judgment. *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002).

Here, Kendricks has not provided substantial evidence of disparate treatment related to any of the classes she mentioned. Instead, she merely reiterates the allegations she made to establish a prima facie case. *See generally* Pl.'s Resp. to Defs.' Mot. for Summ. J., ECF No. 47. The only new evidence Kendricks offers in an effort to demonstrate the falsity of Methodist's proffered explanations amounts to a conspiracy theory that Methodist began to build a case against her,

7

induced her to file grievances, planned to make her a low-settlement offer, and then planned to have her sign a non-disclosure agreement in an effort to silence her because she stood in the way of Methodist building a favorable image. *Id.* at 17–19. Such a theory does not amount to the substantial evidence she needed to produce in order to survive a summary judgment motion on these claims.

Because Kendricks did not provide the Court with substantial evidence that Methodist's offered reasons are pretextual, a genuine issue of material fact does not exist. Thus, her claims cannot survive summary judgment. The Court grants Methodist's summary judgment motion on these claims.

### ii. There is no genuine issue of material fact regarding Kendricks's claims of retaliation based on protected activity.

Kendricks also alleges that she experienced retaliation from Methodist for submitting a formal grievance on July 3, 2018, opposing alleged racial discrimination in Methodist's hiring practices against both herself and another African American woman. To establish a prima facie case of retaliation, Kendricks must show that: (1) she engaged in protected activity; (2) she was subjected to adverse employment action; and (3) there was a causal connection between the protected activity and the adverse action. *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 945 (5th Cir. 2015). The causal connection element of this analysis may be satisfied by a close temporal proximity between protected activity and the alleged retaliation at the prima facie stage. *Id.* at 948. This Circuit has accepted gaps of two-and-a-half months as well as less than two months. *Id.* at 948–49 (accepting a temporal relationship of six-and-a-half weeks).

Methodist contends that Kendricks cannot establish a prima facie case because she cannot establish the causal connection element. Def.'s Mot. Summ. J. at 10–11, ECF No. 31. The Court disagrees. Kendricks alleges she filed her grievance on July 3, 2018, and that Methodist terminated

her on July 27, 2018. Compl. at 15–16, ECF No. 1. Twenty-four days, or just over three weeks, falls well within the timeframe established by this Circuit as sufficient to establish a prima facie case of retaliation. *See Porter*, 810 F.3d at 948–949.

Methodist, however, also argues that even if Kendricks establish a prima facie case, she has provided no evidence that Methodist's articulated reasons for the adverse actions serve as mere pretext. Def.'s Mot. Summ. J. at 11 ECF No. 31. Because Methodist provided legitimate reasons for taking the adverse actions against Kendricks, the burden shifts back to Kendricks to show that these reasons are pretextual. *Porter*, 810 F.3d at 949. Again, to survive summary judgment, Kendricks must show a conflict in substantial evidence exists on whether the employer would not have taken the action but for the protected activity. *Id.* She has not done so.

Throughout her response, Kendricks only reiterates that she has established a prima facie case. *See generally* Pl.'s Resp. to Defs.' Mot. for Summ. J., ECF No. 47. Kendricks then goes on to state her beliefs and theories about why the reasons given by Methodist have no legitimacy. *Id.* at 17–19. Of course, speculation, conclusory allegations, unsubstantiated accusations, and subjective belief alone can neither demonstrate pretext nor survive summary judgment. *Ramsey*, 286 F.3d at 269; *Garrett v. Judson Indep. Sch. Dist.*, 299 Fed. App'x 337, 345 (5th Cir. 2008). Kendricks needed to produce substantial evidence of pretext. *Garrett*, 299 Fed. App'x at 345. She did not do so. Therefore, the Court finds no genuine issue of material fact exists as to Kendricks's retaliation claims and grants Methodist's Motion for Summary Judgment on this issue.

### iii. There is no genuine issue of material fact regarding Kendricks's claim of discriminatory termination in violation of the ADA.

Kendricks's complaint also appears to allege that Methodist discriminated against her because of an alleged disability. Compl. at 19–20, ECF No.1. To establish a prima facie case of disability discrimination, Kendricks must show: (1) she is disabled or is regarded as disabled; (2)

she is qualified for the job; and (3) she was subjected to an adverse employment action on account of her disability. *Delaval*, 824 F.3d at 479 (5th Cir. 2016). Only once Kendricks establishes a prima facie case does the burden shifts to Methodist to articulate legitimate, nondiscriminatory reasons for any adverse employment actions. *Delaval*, 824 F.3d at 479. Kendricks would then need to present evidence that Methodist committed intentional discrimination. *Id.*

The Court finds that the scant allegations made in Kendricks's complaint do not establish a prima facie case for disability discrimination. Kendricks has not made any claim that shows she is either disabled or regarded as disabled. *See* Compl. at 19–20. Instead, she simply states Methodist cannot discriminate against her based on a disability and that she had worked with a medical assistant to develop accommodations for her at work when she returned from surgery. *Id.* Further, she has provided no statement that could establish a prima facie case that the adverse employment action taken by Methodist was on account of this unnamed disability. *Id.* Further, even if Kendricks did establish a prima facie case, she did nothing to demonstrate the legitimate, non-discriminatory reasons given by Methodist for the adverse action amounted to mere pretext. Thus, the Court grants Methodist's Motion for Summary Judgment on Kendricks's claim of discriminatory termination under the ADA.

> **iv.    There is no genuine issue of material fact regarding Kendricks's failure to accommodate claim under the ADA.**

Kendricks's complaint appears to allege that Methodist failed to reasonably accommodate Kendrick in her return to work following a major surgery in violation of the ADA. Compl. at 19, ECF No.1. According to Kendricks's complaint, she sought accommodations for a reduced work schedule once she returned to work. *Id.* at 19–20. She further alleges that these accommodations were approved by the employer's insurance provider. *Id.*

For Kendricks to prevail on this claim, she must show the following: (1) she is a qualified individual with a disability; (2) the employer knew of the disability and her need for accommodations; and (3) the employer failed to make reasonable accommodations for such known limitations. *Feist v. Dept. of Justice*, 730 F.3d 450, 452 (5th Cir. 2013). Because the reasonable accommodation request alleged by Kendricks consisted of a tailored work schedule once she returned to work, and because Kendricks never actually returned to work, Methodist could not have failed to make such an accommodation. Additionally, because Kendricks alleges that her tailored work schedule had already been approved by the employer's insurance provider, the evidence further indicates that the accommodations were never at risk of being denied on the basis of a disability.

The only protected actions Kendricks actually took occurred under the purview of Title VII. Because Kendricks never returned to work, the Court grants Methodist's Motion for Summary Judgment on the ADA claims.

### v. There is no genuine issue of material fact regarding Kendricks's claims under the Whistleblower's Protection Act.

Methodist next moves for summary judgment on all of Kendricks's claims made under the Whistleblower's Protection Act (WPA). Def.'s Mot. Summ. J. at 14, ECF No. 31. The WPA applies only to employees and contractors of the federal government and does not apply to employees of private entities. *See* 5 U.S.C. § 2301(a). Kendricks has neither alleged that Methodist is a federal agency or institution nor that she worked as a federal employee. *See generally* Compl., ECF No. 1. Thus, the Court grants Methodist's Motion for Summary Judgment on Kendricks's WPA claims. The Court notes that all of Kendricks's relevant WPA claims regarding actions taken in response to her filed grievance are analyzed as retaliation claims above.

> **vi. There is no genuine issue of material fact regarding Kendricks's claims for punitive damages.**

Methodist also urges this Court to grant summary judgment denying Kendrick any possible punitive damages on her Title VII claims. A plaintiff may recover punitive damages under Title VII if he or she proves the defendant acted with malice or reckless indifference to the federally protected rights of the plaintiff. *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 534 (1999). Given that the Court has granted Methodist's Motions for Summary Judgment on all Title VII issues, the Court also grants summary judgment on Kendricks's punitive damages claim as a matter of completeness.

**B. Methodist's Motions for Partial Summary Judgment on Kendricks's FMLA Claim**

Methodist has also moved for summary judgment on Kendricks's claims that Methodist violated her rights under the FMLA after she took leave for a medical absence. Def.'s Mot. Part. Summ. J., ECF No. 21. The FMLA provides, in part, that employees who take qualified leave under the FMLA are entitled to be restored to their old positions or to be restored to an equivalent position with equivalent benefits, pay, and other terms and conditions of employment. 29 U.S.C. § 2614(a)(1). This provision creates a set of substantive rights, including a right to return to the same position after a qualified absence. *See Nero v. Indus. Molding Corp.*, 167 F.3d 921, 927 (5th Cir. 1999). The FMLA also provides that an employer cannot discriminate against an employee who has used FMLA leave. 29 U.S.C. § 2615(a)(1). This provision protects employees from discrimination or retaliation for exercising their rights under the FMLA. *Nero*, 167 F.3d at 927.

Methodist argues Kendricks has not shown any genuine issue of material fact with her FMLA claims. Def.'s Mot. Part. Summ. J. at 6, ECF No. 21. Kendricks's complaint clearly shows that she does not allege that Methodist discriminated or retaliated against her for using FMLA

leave, but that Methodist denied her the substantive right of returning to her position after leave. *See* Compl. at 19, ECF No. 1. Thus, the Court will limit its analysis of Methodist's Motion for Summary Judgment on the FMLA claim to Kendricks's substantive right under FMLA.

To establish a prima facie case of interference under the FMLA, the plaintiff must show: (1) they were an eligible employee; (2) their employer was subject to FMLA requirements; (3) they were entitled to FMLA leave; (4) they gave proper notice of their intent to take FMLA leave; and (5) the employer denied the employee the benefits to which they were entitled under the FMLA. *Caldwell v. KHOU-TV*, 850 F.3d 237, 245 (5th Cir. 2017). However, an employer may show that the employee was not entitled to such a benefit due to a termination for legitimate reasons. *Shirley v. Castparts Corp.*, 726 F.3d 675, 683 (5th Cir. 2013). In other words, if an employer denies reinstatement to an employee whose legitimate, unrelated termination has extinguished the employee's right to reinstatement, the employer does not violate FMLA. *Id.*

Because Kendricks has failed to present evidence that the legitimate reason Methodist articulates as the basis for her termination amounts to mere pretext, the Court cannot accept the claim that Methodist violated Kendricks's substantive rights under FMLA. Courts are reluctant to second guess business decisions or function as personnel managers. *Bienkowski v. Am. Airlines, Inc.*, 851 F.2d 1503, 1507–08 (5th Cir. 1988). As discussed above, Kendricks has not provided any evidence that Methodist's stated reasons for her termination constituted mere pretext. Given these findings, the Court finds that Methodist terminated Kendricks for legitimate reasons, and Kendricks has no right to FLMA benefits as a result. Thus, the Court grants Methodist's summary judgment motion on Kendricks's FLMA claim.

### C.   Kendricks's Motions for Summary Judgment

Kendricks has filed two separate motions seeking complete summary judgment under a "no evidence" standard pursuant to Rule 166a(i) of the Texas Rules of Civil Procedure. ECF Nos. 18, 23. However, federal procedural law applies to cases in federal court. The concept of a "no evidence" summary judgment neither accurately resembles nor describe federal summary judgment law. *See generally* Fed. R. Civ. P. 56.

Even considering, however, that Kendricks is proceeding *pro se*, and therefore construing such a motion liberally as a motion for summary judgment pursuant to the Federal Rules, the Court must still deny Kendricks's motions. Summary judgment is appropriate when the non-moving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof at trial. *Celotex*, 477 U.S. at 323.

By submitting motions for summary judgment, Kendricks asserts that she has indisputably proven all of the essential elements of each of her claims, and that Methodist has failed to make a sufficient showing to dispute these claims; the Court's holdings on Methodist's summary judgment motions shows the opposite is true. Kendricks only provided enough evidence to establish a prima facie case on the various elements of her claims. Merely satisfying her initial pleading burden does not carry the day; indeed, the Court has dismissed her claims because she never provided any evidence that Methodist's non-discriminatory explanations were pretext apart from bare allegations.

Because Kendricks has not satisfied her burden to survive a summary judgment motion, much less show she has conclusively proven each element of her various claims, the Court denies Kendricks's motions for summary judgment with prejudice.

## IV. CONCLUSION

Having found that Kendricks did not meet her pleading burdens on her ADA and ADEA claims, she has not provided any evidence to establish a genuine issue of material fact that Methodist's provided reasons for its various actions were pretextual, and that she has not provided any evidence to establish a genuine issue of material fact on her FELA claim, the Court finds that no genuine issue of material fact exists for any of Kendricks's claims.

**IT IS THEREFORE ORDERED** that Methodist's Motions for Summary Judgment are **GRANTED**. Consequently, Kendricks's Motions for Summary Judgment are **DENIED**. It is **FUTHER ORDERED** that any other pending motions are hereby **DENIED AS MOOT.**

SIGNED and ENTERED this the 7th day of April 2021.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE