IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **SHEILA DENIS KENDRICKS,**<br>**Plaintiff,**<br><br>*v.*<br><br>**METHODIST CHILDREN'S HOME,**<br>**Defendant.** | 6:19-cv-00518-ADA |

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF UNDER**
**RULE 60(b)(4) OF THE FRCP [ECF No. 129]**

Came on for consideration this date is Plaintiff's Motion for Relief Under Rule 60(b)(4). After careful consideration of the Motion, the Parties' briefs, and the applicable law, the Court **DENIES** Plaintiff's Motion for Relief Under Rule 60(b)(4).

**I. BACKGROUND**

This is a labor and employment dispute involving Methodist Children's Home ("MCH") and a former employee. ECF No. 1. Sheila Kendricks ("Plaintiff") was employed by Methodist from 2007 until her termination on July 27, 2018. *Id.* Plaintiff is an African American female and was forty-seven years old at the time of the relevant facts of this case. *Id.* On May 21, 2018, Plaintiff underwent surgery that prevented her from working. *Id.* During the final months of Plaintiff's employment, she applied for and was denied two separate opportunities for promotion, which were instead given to two Caucasian candidates under the age of forty. ECF No. 47. Plaintiff also alleges that, after witnessing a possibly racially discriminatory hiring practice against a coworker by Methodist, she filed a formal grievance through Methodist's formal complaint filing system. *Id.*

Plaintiff, proceeding *pro se*, appears to state the following claims: (1) that the denial of the promotions she applied for were the result of discrimination based on race, age, or disability in

1

violation of Title VII of Civil Rights Act of 1964, the Age Discrimination in Employment Act (ADEA), and the Americans with Disabilities Act (ADA); (2) that her termination was a form of retaliation for filing a grievance regarding a discriminatory hiring or promotion practice; (3) that her termination while on leave violated and interfered with her rights under the Family Medical Leave Act (FMLA); (4) that these actions are also violations of Chapter 21 of the Texas Labor Laws; (5) that she suffered from unequal terms and conditions of employment; and (6) that Methodist's actions constitute a panoply of torts giving rise to punitive damages. ECF No. 28.

On January 14, 2020, MCH moved for summary judgment on Plaintiff's FLMA claim. ECF No. 21. Plaintiff responded on February 10, 2020, ECF No. 30, to which MCH replied on February 18, 2020, ECF No. 32. On February 10, 2020, MCH moved for summary judgment on the remainder of Plaintiff's claims. ECF No. 31. Plaintiff responded on April 1, 2020, ECF No. 47, to which MCH objected on April 8, 2020., ECF No. 48. On April 7, 2021, this Court granted MCH's summary judgment motions. ECF No. 113.

On October 28, 2021, Plaintiff moved to vacate the summary judgment as to her FMLA claim under Federal Rule of Civil Procedure 60(b)(4). ECF No. 129. The Court **DENIES** that motion.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b)(4) provides that a court may relieve a party from a final judgment or order because "the judgment is void." Relief under Rule 60(b) is considered an extraordinary remedy, and the need for predictability mandates caution in reopening judgments. *In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005) (citations omitted). The movant bears the burden of establishing at least one of the Rule 60(b) requirements to obtain relief. *Harrison v. Baylor Univ. Med. Ctr.*, 2018 U.S. Dist. LEXIS 219326, 2018 WL 7048085, at *2 (N.D. Tex. Dec. 21, 2018) adopted 2019 U.S. Dist. LEXIS 6918, 2019 WL 202325 (N.D. Tex. Jan 15, 2019).

### III. ANALYSIS

**A.     Rule 60(b) Pending Appeal**

As a threshold matter, this Court must determine whether it has jurisdiction to rule on Plaintiff's Rule 60(b) motion. Generally, district courts lack the power to issue a Rule 60(b) motion after an appeal has been docketed and is pending before the Court of Appeals. Fed. R. Civ. P. 62.1 (Advisory Committee Notes) ("After an appeal has been docketed and while it remains pending, the district court cannot grant a Rule 60(b) motion without a remand."). "Once the notice of appeal has been filed, while the district court may consider or deny a Rule 60(b) motion . . . it no longer has the jurisdiction to grant such a motion while the appeal is pending." *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 329 (5th Cir. 2004). The Fifth Circuit recognizes a limited exception to this rule, however. *Id.* "When a Rule 60(b) motion is filed while an appeal is pending, [the Fifth Circuit] has expressly recognized the power of the district court to consider on the merits and deny a 60(b) motion filed after a notice of appeal, because the district court's action is in furtherance of the appeal." *Willie v. Cont'l Oil Co.*, 746 F.2d 1041, 1046 (5th Cir. 1984), *on reh'g*, 784 F.2d 706 (5th Cir. 1986). If the district court is inclined to grant the Rule 60(b) motion, "the appellant should then make a motion in the Court of Appeals for a remand of the case in order that the district court may grant such motion." *Shepherd*, 372 F.3d at 329 (quoting *Winchester v. United States Atty. for S.D. of Tex.*, 68 F.3d 947, 949 (5th Cir. 1995)).

Plaintiff has a pending appeal in this case. *See* ECF Nos. 114, 127. If the Court determines that Plaintiff's motion raises a substantial issue or that it intends to grant the motion, it will instruct Plaintiff to request a remand. If however, the Court finds no substantial issue exists, it will deny the motion.

### B.     The Court's Judgment Is Not Void

Plaintiff asserts that the Court's summary judgment on Plaintiff's FMLA claim in favor of MCH was void because this Court lacked subject matter jurisdiction over the FMLA claim. Under Rule 60(b)(4), a judgment may be set aside if the district court lacked subject matter or personal jurisdiction, or if it acted inconsistent with due process. *Jackson v. Thaler*, 348 F. App'x 29, 32 (5th Cir. 2009) (quoting *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir. 2003)). Plaintiff asserts that "the court moved on its own on April 7, 2021 to grant summary judgment to MCH on a claim under the FMLA." ECF No. 129 at 1. That is untrue. MCH moved for summary judgment on Plaintiff's FMLA claim. *See* ECF No. 21.

Plaintiff further alleges that the Court granted summary judgment on the FMLA claim "after making the determination it lacked subject-matter jurisdiction for a claim per the FMLA." ECF No. 129 at 1. According to Plaintiff, the Court's ruling on the FMLA claim is void because the Court did not have "legal authority to render judgment on a claim under the FMLA." *Id.* at 2. In fact, the Court never held that it lacked subject matter jurisdiction over Plaintiff's FMLA claim. This Court's subject-matter jurisdiction over the FMLA claim was never questioned. FMLA is codified at 29 U.S.C. § 2601 *et seq*. Plaintiff's FMLA claim, therefore, arises under the laws of the United States. So this Court rightfully exercised federal question jurisdiction over Plaintiff's FMLA claim. (The Court's April 7, 2021, judgment held, rather, that Plaintiff did not meet the burden of proof on her FMLA claim and failed to raise even one genuine issue of material fact underlying that claim. ECF No. 113 at 12–13. Accordingly, the Court granted MCH's motion for summary judgment on that issue. *Id.*)

Plaintiff's Rule 60(b)(4) argument, therefore, rests on the false premise that the Court lacked jurisdiction over Plaintiff's FMLA claim, or at the very least that the Court ruled that it lacked jurisdiction. Plaintiff has not otherwise cited relevant authority supporting her contention

4

that the Court lacked jurisdiction over that claim. Nor has Plaintiff sufficiently identified how this Court has acted inconsistent with due process. Plaintiff's motion under Rule 60(b)(4) must, therefore, fail.

### IV. CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Relief Under Rule 60(b)(4) is **DENIED**.

SIGNED this 29th day of October, 2021.

*[signature]*
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE